| | |
|---|---|
| 1  EDDIE R. JIMENEZ (SBN 231239)<br>ERIN L. LANEY (SBN 259863)<br>2  MATTHEW R. CLARK (SBN 271054)<br>PITE DUNCAN, LLP<br>3  4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>4  San Diego, CA 92177-0933<br>Telephone: (858) 750-7600<br>5  Facsimile: (619) 590-1385<br>6  Attorneys for WELLS FARGO BANK, NA | |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>SURINDER SINGH BAMRAH AND MICHELLE GABBARD BAMRAH,<br><br>Debtor(s). | Case No.11-48418-RLE<br><br>Chapter 7<br><br>R.S. No. ELL-211<br><br>MOTION FOR RELIEF FROM AUTOMATIC STAY<br>(11 U.S.C. § 362 and Bankruptcy Rule 4001)<br><br>DATE: September 28, 2011<br>TIME: 2:00 pm<br>CTRM: 201<br><br>1300 Clay Street<br>Oakland, CA 94604-1426 |

Wells Fargo Bank, NA[1] ("Movant"), moves this court for an order terminating the automatic stay of 11 U.S.C. § 362 as to Movant, so that Movant may commence and continue all acts necessary to enforce its security interest in real property generally described as 1537 Fireside Way, Lemoore, California 93245.

On or about August 5, 2011, Surinder Singh Bamrah and Michelle Gabbard Bamrah ("Debtors") filed a voluntary petition under Chapter 7 of the Bankruptcy Code, and John Kendall was appointed as Chapter 7 Trustee. As a result of said filing, certain acts and proceedings against Debtors and the bankruptcy estate are stayed as provided in 11 U.S.C. § 362.

---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

Movant moves this court for relief from stay under 11 U.S.C. §§ 362(d)(1) and 362(d)(2).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**MOVANT IS ENTITLED TO RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(2).**
**NO EQUITY**

11 U.S.C. § 362(d)(2) provides that relief from the automatic stay shall be granted if the debtor does not have any equity in the property and the property is not necessary to the debtor's effective reorganization.

In In re San Clemente Estates, 5 B.R. 605 (Bankr. S.D. Cal. 1980), the court stated that:
> § 362(d)(2) reflects congressional intent to allow creditors to immediately proceed against the property where the debtor has no equity and it is unnecessary to the reorganization, <u>even where</u> the debtor can provide adequate protection under § 362(d)(1). (Emphasis added).

Id. at 610 (emphasis added).

In In re Mikole Developers, Inc., 14 B.R. 524, 525 (Bankr. E.D. Pa. 1981), the court stated that in determining whether equity exists in the property for purposes of § 362(d)(2), all encumbrances are totaled, whether or not all the lienholders have joined in the request for relief from stay. The Ninth Circuit has concurred with this view in Stewart v. Gurley, 745 F.2d 1194 (9th Cir. 1984).

An appropriate cost of sale factor should also be added to determine if the debtor has any equity in the property. La Jolla Mortgage Fund v. Rancho El Cajon Associates, 18 B.R. 283, 289 (Bankr. S.D. Cal. 1982).

On or about May 9, 2005, Debtors, for valuable consideration, made, executed and delivered to Movant a Note in the principal sum of $207,600.00 (the "Note"). Pursuant to the Note, Debtors are obligated to make monthly principal and interest payments commencing July 1, 2005, and continuing until June 1, 2035, when all outstanding amounts are due and payable. The Note provides that, in the event of default, the holder of the Note has the option of

declaring all unpaid sums immediately due and payable. A copy of the Note is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit A and incorporated herein by reference.

On or about May 9, 2005, the Debtors made, executed and delivered to Movant a Deed of Trust (the "Deed of Trust") granting Movant a security interest in real property commonly described as 1537 Fireside Way, Lemoore, California 93245 (the "Real Property"), which is more fully described in the Deed of Trust. The Deed of Trust provides that attorneys' fees and costs incurred as a result of the Debtors' bankruptcy case may be included in the outstanding balance under the Note. The Deed of Trust was recorded on May 26, 2005, in the Official Records of Kings County, State of California. A copy of the Deed of Trust is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit B and incorporated herein by reference.

The obligation under the Note is in default as of March 1, 2011, for failure to make payments to Movant. As of August 16, 2011, the estimated payoff owing under the Note is the approximate sum of $196,096.60. Further, Movant has incurred additional post-petition attorneys' fees and costs in bringing the instant Motion. This is an approximate amount for purposes of this Motion only, and should not be relied upon as such to pay off the subject loan as interest and additional advances may come due subsequent to the filing of the Motion. An exact payoff amount can be obtained by contacting Movant's counsel. Moreover, the total outstanding payments due under the Note are in the approximate sum of $9,004.74. An additional payment will come due on September 1, 2011, and on the 1st day of each month thereafter until the Loan is paid in full. A copy of the contractual payment accounting pursuant to Local Rule 4001-1(g)(1) is attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit C and incorporated herein by reference.

/././
/././
/././
/././

## II.

## RELIEF FROM STAY

## LACK OF EQUITY AND SURRENDER

Movant is informed and believes that, based on the Debtors' bankruptcy Schedules and Statements, the fair market value of the Property is approximately $170,000.00. A copy of the Debtors' bankruptcy Schedules "A" and "D" are collectively attached to the Declaration in Support of Motion for Relief From Automatic Stay as exhibit D.

Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---|
| Fair Market Value: | $170,000.00 |
| Less: | |
| Movant's Trust Deed | $196,096.60 |
| Wells Fargo Home Equity's 2nd Deed of Trust | $25,000.00 |
| Costs of Sale (8%) | $13,600.00 |
| Equity in the Property: | $(64,696.60) |

As a result, there is no equity in the Property for the bankruptcy estate. Moreover, since this is a Chapter 7 proceeding, there is no reorganization in prospect. As a result, Movant is entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2).

Debtors' Statement of Intent indicates it is the intent of the Debtors to surrender the Real Property in full satisfaction of Movant's secured claim. A copy of the Debtors' Statement of Intent is attached hereto as exhibit E

## III.

## MOVANT IS ENTITLED TO RELIEF FROM THE

## AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)(1).

## CAUSE - LACK OF ADEQUATE PROTECTION

Pursuant to the provisions of 11 U.S.C. §§ 361 and 362(d)(1), Movant is entitled to adequate protection of its interest in the Property.

Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this motion.

/././

/././

1  Movant is informed and believes that Debtors are presently unwilling or unable to
2  provide adequate protection to the Movant and there is no probability that adequate protection
3  can be afforded to Movant within a reasonable time.
4  By reason of the foregoing, Movant is entitled to relief from stay under 11 U.S.C.
5  § 362(d)(1), based upon the failure of Debtors to provide adequate protection to Movant.
6  WHEREFORE, Movant respectfully prays for an Order of this court as follows:
7  1. Terminating the automatic stay of 11 U.S.C. § 362, as it applies to the
8  enforcement by Movant of all of its rights in the Real Property under the Note and the Deed of
9  Trust;
10  2. That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;
11  3. Granting Movant leave to foreclose on the Real Property and to enforce the
12  security interest under the Note and the Deed of Trust, including any action necessary to obtain
13  possession of the Property;
14  4. Permitting Movant to offer and provide Debtors with information re: a potential
15  Forbearance Agreement, Loan Modification, Refinance Agreement, or other Loan
16  Workout/Loss Mitigation Agreement, and to enter into such agreement with Debtors;
17  5. Alternatively, in the event this court declines to grant Movant the relief requested
18  above, Movant requests that an Order for adequate protection be issued, requiring the Debtors to
19  reinstate and maintain in a current condition all obligations due under the Note and Deed of
20  Trust and all other deeds of trust encumbering the Real Property, including Debtors' obligations
21  to pay when due (a) the monthly installments of principal and interest, as required under the
22  Note; (b) tax/insurance obligations; and (c) any sums advanced by Movant on behalf of Debtors
23  in order to protect Movant's interest in the Real Property, including all attorneys' fees and costs
24  incurred in the filing of this motion;
25  /./.
26  /./.
27  /./.
28  /./.

6. That the attorneys' fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

7. For such other and further relief as the court deems just and proper.

Dated: <u>August 29, 2011</u>       PITE DUNCAN, LLP

<u>/s/ ERIN L. LANEY (CA SBN 259863)</u>
ERIN L. LANEY (SBN 259863)
Attorneys for WELLS FARGO BANK, NA